## WILLIAMS v. HANEY.

1. The plaintiff claimed the slaves in question under a bill of sale which his wife's father had executed and delivered to her, previous to her marriage : the defendant claimed the slaves under the will of the father ; under the plea of the statute of limitations—*Held*, that it was allowable for the defendant to show the nature of the father's *possession*, and that it was *adverse* to the claim set up by the plaintiff.
2. And in such case, the will under which the defendant claims, was admissible evidence for the purpose of connecting her with the testator's possession.
3. Evidence is admissible which is pertinent to the issue, and which either alone, or in connection with something else serves to elucidate the matters controverted if the source from which it comes is unexceptionable.

Writ of error to the Circuit Court of Morgan.

The plaintiff in error, brought an action of detinue against the defendant, in the Circuit Court of Morgan, for the recovery of a female slave, named Caroline, and her children, Jenny and Amanda.

The defendant pleaded *Non detinet,* and the statute of limitations, in short, by consent, with leave, to give any available special matter in evidence, and on issues to these pleas, the cause was submitted to the jury. On the trial, the plaintiff excepted to the ruling of the Court. From the bill of exceptions, it appears by the testimony of one witness, that John Haney, the late husband of the defendant, executed and delivered a bill of sale, to his daughter Ruth, for the slave Caroline, in the year 1828 or '29 ; and at the same time delivered the slave to his daughter. Ruth lived with her father from the time of the

gift, until July, 1834, when she intermarried with the plaintiff, who, together with his wife, resided with her father until some time in the year 1835 : the slave Caroline, remaining with John Haney, up to the period of his death, which occurred in 1838. After that event, she remained at his late residence, in the possession of the defendant, until this action was brought.

The defendant then introduced a witness, who testified that he was present at the time to which the foregoing testimony refers, and that neither the donee Ruth, or the slave, Caroline, was present; and that no delivery was made, either of the deed or slave, at that time.

The defendant next offered in evidence, the will of John Haney, dated, 10th day of April, 1838, and admitted to probate in the Orphans' Court of Morgan, on the 25th of February, 1839.

In the will, there is a clause in which the testator gives to his wife Keziah, together with other property, the slave Caroline, and her child Jane, (the younger child, Amanda, not being then born.) To the admission of the will as evidence, the plaintiff objected, but his objection was overruled, and the paper permitted to be read to the jury.

The defendant proved, by one of the executors of the will of John Haney, that in that character he delivered the slave Caroline, and children, to the defendant, pursuant to the provisions of the will. And she also proved by several witnesses, that Caroline continued in the testator's possession until his death, and appeared to be his property.

The bill of exceptions concludes as follows: "The Court admitted the will to be read, merely to show, under what title the defendant claimed, for the purpose of enabling her to connect her poesession with that of her husband, the said John Haney, the testator, in pleading the statute of limitations, if there should be other evidence sufficient to sustain the plea. To all of which evidence, the plaintiff excepts, and prays the same to be signed, sealed and made a part of the record; which is done accordingly."

McClung, for the plaintiff—contended, that the possession of the testator was not adverse to that of his daughter, or son-in-law, at least so long as they lived with him; but up to 1834, when she married, his possession was entirely consistent with

the title of his daughter, and after that event, up to 1835, the plaintiff must be considered to have had the actual possession of Caroline.   If the retention of possession by the testator, be regarded as the assertion of a right of property, after the removal of the plaintiff from his house, the statute of limitations would not bar a recovery ; for only about four years elapsed after that time, when suit was commenced.

Hopkins, for the defendant—insisted, that the question arising upon the bill of exceptions was not whether the facts therein recited, were sufficient to sustain the statute of limitations, but it was, were they admissible under the issues.   That they were competent evidence, he thought could not be disputed.

COLLIER, C. J.—The distinction between the admissibility and the sufficiency of evidence, is well established, and has been repeatedly recognised by this Court.   Evidence which is pertinent to the issue, and which, in itself, or in connection with other proof, serves to elucidate the matter in controversy, is competent, if the sources from whence it comes, are unobjectionable.

The generality of the exception perhaps brings to our view, not only the correctness of the decision of the Circuit Court, in admitting the will of John Haney, but in allowing the witnesses for the defendant, to testify as to the apparent nature of his possession, and under this impression, we will consider the case. The defendant interposed two pleas; by the first, she denied that she detained the slaves in controversy, to the prejudice of the plaintiffs; by the second, she insisted that if she thus detained them, the statute of limitations barred the action for their recovery.   These pleas, threw upon the plaintiff, the *onus* of shewing, *prima facie*, that the slaves were his, and that they were detained by the defendant.   He introduced proof tending to show his title, and the detention; and also, that the testator did not hold the slaves adversely, up to 1835.   To repel the inferences, deducible from the plaintiff's evidence, it was certainly allowable, for the defendant to prove the character of her testator's possession, and thus repel the notion, that a gift was made, or if made, show that the donor had disavowed it, and in respect to the subject of the gift, had placed himself in a position, antagonistical to the plaintiff.   This was evidently the scope and

design of all her testimony. The facts proved on her part, were then admissible, and we think the sources of her proof, were unexceptionable. The statements of individuals, as to the nature of the testator's possession, and the employment of the slaves, were, perhaps, the only means by which an adverse claim could be shown; be this as it may, they were certainly proper testimony.

In respect to the will, it was admissible for the defendant to show that her husband, (the supposed donor,) had bequeathed to her, all the right that he had to the slaves in question. The Court did not allow it to go to the jury as proof in itself, of her title, but restricted its admission to the sole purpose of connecting her possossion with that of her deceased husband, that she might defend herself under the statute of limitations, if she could adduce sufficient evidence to sustain that plea.

The question, as to the sufficiency of the evidence, does not arise upon the record. If the plaintiff had desired to bring up that question, he should have moved the Circuit Judge, to instruct the jury on such points as he deemed material, and if dissatisfied with any charge given or refused, he could have excepted, and had the opinion of this Court on his exceptions. But in the aspect in which the case is presented, it is a mere question of the admissibilty of evidence. And having shown that there is no error, the judgment of the Circuit Court is affirmed.